**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **WESLEY K. WHITE,** | ) | |
| **Petitioner,** | ) | |
| **vs.** | ) | **Case No. 3:25-cv-1931-DWD** |
| **UNITED STATES OF AMERICA,** | ) | |
| **Respondent.** | ) | |

**MEMORANDUM & ORDER**

**DUGAN, District Judge:**

This matter comes before the Court on Petitioner's motion for the Court to recuse itself from this case pursuant to 28 U.S.C. § 455(a) on the grounds that the Court's impartiality is in issue.

On August 20, 2022, Petitioner pled guilty to two counts of Possession of a Firearm by a Felon. On October 20, 2025, Petitioner filed the instant motion under 28 U.S.C. § 2255. Petitioner asks the Court to recuse itself from this § 2255 proceeding to "correct an egregious [miscarriage] of justice" on the ground that the undersigned violated Petitioner's constitutional rights and induced a guilty plea. (Doc. 7, pg. 1). Specifically, Petitioner claims the undersigned violated his constitutional rights by relying on unsubstantiated facts and uncharged conduct to "unlawfully" enhance his sentence and wrongfully induce a guilty plea. He further contends that, given his claims, the

undersigned will be "force[d] to rule against himself, therefore he should step aside, to avoid a clear conflict of interest." (Doc. 7, pg. 2).

Petitioner moves for recusal under 28 U.S.C. § 455(a), which provides that the judge shall disqualify himself in any proceeding in which his impartiality might be reasonably questioned. "[T]he appropriate inquiry under § 455(a) is whether an informed, reasonable observer would doubt the judge's impartiality." *Matter of Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 839 F.2d 1226, 1229 (7th Cir. 1988).

Petitioner contends that recusal is required because of alleged errors during the change-of-plea hearing and at sentencing, and because the § 2255 motion asks the Court to revisit those prior rulings. Disagreement with a judge's decision in the same case is not a basis for recusal. "By itself, an adverse judicial ruling does not provide a valid basis for questioning a judge's impartiality." *Thomas v. Dart*, 39 F.4th 835, 844 (7th Cir. 2022). "Errant decisions are grounds for appeal, not for seeking a judge's recusal." *Id*; *see also Loranger v. Stierheim*, 10 F.3d 776, 780 (11th Cir.1994) (As a general rule, "a judge's rulings in the same case are not valid grounds for recusal.")

The Supreme Court has held that disqualifying bias or prejudice "must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge has learned from his participation in the case." *United States v. Grinnell Corp.*, 384 U.S. 563, 583, 86 S.Ct. 1698, 16 L.Ed.2d 778 (1966). In *Litkey v. United States*, 510 U.S. 540, 555 (1994), the Supreme Court confirmed that "[j]udicial rulings alone almost never constitute a valid basis for bias or partiality motion" under § 455(a). Recusal under § 455(a) is almost always predicated on an extrajudicial source. *Id.* at 554-55; *see also*

*O'Regan v. Arbitration Forums, Inc.*, 246 F.3d 975, 988 (7th Cir. 2001); *In re Huntington Commons Assocs.*, 21 F.3d 157, 158–59 (7th Cir. 1994). Thus, "[w]hen a motion for recusal fails to set forth an extrajudicial source for the alleged bias and no such source is apparent, the motion should be denied." *Sprinpangler v. Sears, Roebuck & Co.*, 759 F.Supp. 1327, 1329 (S.D.Ind.1991) (citing *Jaffree v. Wallace*, 837 F.2d 1461, 1465 (11th Cir.1988)).A judge is presumed to be impartial. *United States v. Baskes*, 687 F.2d 165, 170 (7th Cir.1981). Petitioner has identified nothing outside the judicial proceedings themselves that would cause a reasonable, informed observer to question the undersigned's impartiality.

Petitioner's theory would also produce an unworkable result. If a judge's prior rulings in the underlying criminal case required recusal whenever those rulings are challenged in a § 2255 motion, nearly every such motion would have to be reassigned. That outcome is neither required by § 455(a) nor consistent with the governing procedure. Rule 4(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts directs that the motion be presented to the judge who conducted the trial and imposed sentence (or, if the judge who imposed sentence is not the trial judge, to the judge who conducted the proceedings being challenged), if that judge is available. The Rules thus contemplate that the trial judge will ordinarily handle the § 2255 motion.

In sum, Petitioner's challenge to the undersigned's handling of the guilty plea and sentencing does not create an appearance of partiality under § 455(a). The motion is therefore **DENIED**.

**SO ORDERED.**

Dated: October 22, 2026

Judge Dugan

Digitally signed by Judge Dugan
Date: 2026.10.22 09:53:36 -05'00'

DAVID W. DUGAN
United States District Judge